UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JANIS LAVERN DUNBAR,

           Plaintiff,

-against-

CURTIS JAMES JACKSON, III, RAPPER/PRODUCER; JEFFREY HIRSCH, CEO OF STARZ; JAMIRA HAINES, CURTIS JACKSON GIRLFRIEND; COURTNEY KEMP; TASHA SMITH; OMARI HARDWICK; LARENCE TATE; MICHAEL RAINEY, JR.; OLUROTIMI AKINOSHO; ALANI VAZQUEZ; NATURI NAUGHTON; JOSEPH SIKORA; MARVIN BERNARD; LEONARD CARL GRANT; MARSHALL MATHERS; MARY JANE BLIGE; AUBREY DRAKE GRAHAM; CALVIN CORDOZAR BROADUS, JR.; CLIFFORD SMITH; DEMETRIUS FLENORY, JR.; RUSSEL HORNSBY; MICHOLE BRIANA WHITE; MONIQUE ANGELA WHITE; ARKEISHA KNIGHT; DAPHNE JOY (JANE DOE); SIRE JACKSON (JOHN DOE); JANE & JOHN DOES (MOTHER AND SON CURTIS JACKSON),

           Defendants.

24-CV-4491 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is appearing *pro se*, brings this action under the Court's diversity of citizenship jurisdiction, alleging that Defendant Curtis James Jackson, III, has been stalking her for the past ten years. By order dated June 20, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff filed this complaint against the following Defendants: (1) Curtis James Jackson, III, Rapper/Producer; (2) Jeffrey Hirsch, CEO of Starz; (3) Jamira Haines, Curtis Jackson Girlfriend; (4) Courtney Kemp; (5) Tasha Smith; (6) Omari Hardwick; (7) Larence Tate; (8) Michael Rainey, Jr.; (9) Olurotimi Akinosho; (10) Alani Vazquez; (11) Naturi Naughton; (12)

2

Joseph Sikora; (13) Marvin Bernard; (14) Leonard Carl Grant; (15) Marshall Mathers; (16) Mary Jane Blige; (17) Aubrey Drake Graham; (18) Calvin Cordozar Broadus, Jr.; (19) Clifford Smith; Demetrius Flenory, Jr.; (20) Russel Hornsby; (21) Michole Briana White; (22) Monique Angela White; (23) Arkeisha Knight; (24) Daphne Joy (Jane Doe); (25) Sire Jackson (John Doe); and (26) Jane & John Does (Mother And Son Curtis Jackson).

The following facts are drawn from the complaint, arising from events allegedly occurring from 2017 through 2024 in Connecticut. Defendant Jackson and his girlfriend, Defendant Haines, stalked Plaintiff on her "landline phone," "came in [her] messenger . . . and asked for $1,000," "got $600 a Louis Vuitton pocketbook and a TV that went to" Haines at an address in Camden, New Jersey, and "catfished" her for years "trying to driver [her] crazy." (ECF at 1.) Plaintiff has "police and F.B.I. reports" from Connecticut, and claims that Jackson "has lead paint disease from 1978 he doesn't know right from wrong like [her] sister the same age." (*Id.* at 6.) Plaintiff seeks $1 million in damages for defamation, and "emotional and mental abuse." (Id.)

Plaintiff alleges that she is a resident of Connecticut, and that Defendant Jackson is a resident of New York. She does not allege the residences of any of the other Defendants she names, and all she says about their involvement in what occurred is that they knew that Jackson has been stalking her and "didn't think it was wrong following behind lead paint disease." (*Id.* at 5.). Plaintiff seeks $1 million in damages. (*Id.* ¶ IV.)

## DISCUSSION

### A.      Subject matter jurisdiction

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, a federal district court has jurisdiction only when a "federal question" is presented or when plaintiff and defendant are

3

citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Com. Workers Union, Loc. 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative.")

Plaintiff asserts a state-law claim, and invokes the Court's diversity of citizenship jurisdiction. Plaintiff does not, however, allege facts demonstrating that the Court has diversity of citizenship jurisdiction over this action. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and defendants are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted). Plaintiff lists the citizenship of herself and Defendant Jackson, but not any of the other named Defendants, and thus the complaint does not establish that there is complete diversity of citizenship. Also, because Plaintiff provides no facts explaining why she is seeking $1 million in damages, the complaint does not show to a reasonable probability that the amount in controversy meets the statutory jurisdictional amount of $75,000.

4

**B.      Plaintiff's claim appears to have no basis in law or fact.**

Even if Plaintiff could meet the requirements to establish that the Court has diversity jurisdiction of this action, she has not alleged facts suggesting a plausible claim for relief. Under the IFP statute, a court must dismiss a case if it determines that the action is frivolous or malicious. 28 U.S.C. §1915(e)(2)(B)(i). A claim is "frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston*, 141 F.3d at 437 (internal quotation marks and citation omitted). Moreover, a court has "no obligation to entertain pure speculation and conjecture." *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (finding as frivolous and baseless allegations that set forth a fantastical alternative history of the September 11, 2001 terrorist attacks).

The Court, after reviewing Plaintiff's complaint, finds that it presents no arguable basis in law or in fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Plaintiff's generalized assertions – that she was stalked and "catfished" for years by a famous musical performer, his girlfriend and family, other unidentified individuals, and well-known figures in the entertainment world – do not provide any plausible factual support for a viable legal claim and appear to rise to the level of the irrational. *See Livingston*, 141 F.3d at 437; *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."). Plaintiff has pleaded no factual predicate showing that Defendants have violated her rights. Moreover, there is no basis in state or federal law for Plaintiff's legal theory that Defendants stalked her. The Court therefore also dismisses the complaint as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) (i), (ii), and for lack of subject matter jurisdiction. See Fed. R. Civ. P. 12(h)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter civil judgment.

SO ORDERED.

Dated:   September 5, 2024
         New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                            Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____

____ Civ. _____ ( ____ )

*(In the space above enter the full name(s) of the plaintiff(s).)*

**AMENDED COMPLAINT**

-against-

_____
_____
_____
_____
_____
_____
_____
_____
_____

Jury Trial:   ☐ Yes   ☐ No
(check one)

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

I.    **Parties in this complaint:**

A.    List your name, address and telephone number. If you are presently in custody, include your identification number and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff       Name _____
                Street Address _____
                County, City _____
                State & Zip Code _____
                Telephone Number _____

B.    List all defendants. You should state the full name of the defendant, even if that defendant is a government agency, an organization, a corporation, or an individual. Include the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

*Rev. 12/2009*                                    1

Defendant No. 1    Name _____
                   Street Address _____
                   County, City _____
                   State & Zip Code _____
                   Telephone Number _____

Defendant No. 2    Name _____
                   Street Address _____
                   County, City _____
                   State & Zip Code _____
                   Telephone Number _____

Defendant No. 3    Name _____
                   Street Address _____
                   County, City _____
                   State & Zip Code _____
                   Telephone Number _____

Defendant No. 4    Name _____
                   Street Address _____
                   County, City _____
                   State & Zip Code _____
                   Telephone Number _____

**II.   Basis for Jurisdiction:**

Federal courts are courts of limited jurisdiction. Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A.   What is the basis for federal court jurisdiction? *(check all that apply)*

☐ Federal Questions            ☐ Diversity of Citizenship

B.   If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? _____
_____
_____

C.   If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

Plaintiff(s) state(s) of citizenship _____

Defendant(s) state(s) of citizenship _____
_____

*Rev. 12/2009*                                     2

**III.    Statement of Claim:**

State as briefly as possible the facts of your case.  Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.    Where did the events giving rise to your claim(s) occur? _____
_____

B.    What date and approximate time did the events giving rise to your claim(s) occur? _____
_____
_____

C.    Facts: _____

| What happened to you? |

_____
_____
_____

| Who did what? |

_____
_____
_____

| Was anyone else involved? |

_____
_____

| Who else saw what happened? |

_____
_____
_____

**IV.    Injuries:**

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. _____
_____
_____
_____
_____
_____

*Rev. 12/2009*                                3

**V.    Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation. _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20__.

|  |  |
|---|---|
| Signature of Plaintiff | _____ |
| Mailing Address | _____ |
|  | _____ |
|  | _____ |
| Telephone Number | _____ |
| Fax Number *(if you have one)* | _____ |

Note:   All plaintiffs named in the caption of the complaint must date and sign the complaint. Prisoners must also provide their inmate numbers, present place of confinement, and address.

<u>For Prisoners</u>:

I declare under penalty of perjury that on this _____ day of _____, 20__, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

|  |  |
|---|---|
| Signature of Plaintiff: | _____ |
| Inmate Number | _____ |

*Rev. 12/2009*                                                        4